

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LEROY DORSEY,                       :
                                    :
                    Plaintiff,      :
                                    :   08 Civ. 01617 (RMB)(THK)
        -against-                   :
                                    :        ORDER
                                    :
COMMISSIONER BRIAN                  :        **Pro Se**
FISHER, et al.,                     :
                                    :
                    Defendants.     :
------------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE**

This prisoner's civil rights action has been referred to this Court for general pretrial supervision. Plaintiff, proceeding pro se and incarcerated at Coxsackie Correctional Facility, brings this action under 42 U.S.C. § 1983, alleging that Defendants — New York State correction officers and their superintendent and commissioner — violated his constitutional rights when they retaliated against him for filing grievances. Among other things, Plaintiff alleges that Defendants filed false misbehavior reports against him and treated him unfairly with respect to visitation with his family. Presently before the Court is Plaintiff's Application for Appointment of Counsel. For the reasons set forth below, Plaintiff's application is denied.

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. See Gardner v. New York, No. 04 Civ. 4675 (LTS) (DF), 2005 WL 696953, at *1

(S.D.N.Y. Mar. 24, 2005); Mackey v. DiCaprio, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004). However, under 28 U.S.C. § 1915(e)(1), a court may appoint pro bono counsel to represent plaintiffs in civil cases. In this Circuit, "[d]istrict courts exercise substantial discretion in deciding whether to appoint counsel . . . ." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203 (2d Cir. 2003). In deciding whether to appoint counsel, "the district judge should first determine whether the indigent [plaintiff]'s position seems likely to be of substance." Id. (citing Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)); see also Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994) ("[T]he threshold requirement in considering a request for appointment of counsel [is] the likelihood of success on the merits of the claim.") (citing Hodge, 802 F.2d at 60-61). If this threshold requirement is met, a court "should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in that case why appointment of counsel would be more likely to lead to a just determination."

Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998) (citing Hodge, 802 F.2d at 61-62).

Applying these factors to the Complaint, the Court concludes that this action does not merit the appointment of counsel at this stage in the litigation. At this point, based on only the Amended Complaint, and before Defendants have even filed an Answer, the Court is unable to determine whether Plaintiff's claims are likely to be of substance. However, Plaintiff appears able, at this pretrial stage of his case, to deal with the factual and legal issues involved in this litigation. For example, Plaintiff attached to his Amended Complaint scores of handwritten grievances that he has submitted, complete with citations to regulations, an affidavit of a witness to the alleged wrongdoing, and applicable caselaw.

This decision is without prejudice to a renewed application at a later stage in this proceeding. Accordingly, Plaintiff's application is denied.

Plaintiff is also instructed to refile and reserve his Third Amended Complaint, which he references in a recent letter to the Court, but which the Pro Se Office never received and which does not appear on the docket.

3

SO ORDERED.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated:  New York, New York
        August 14, 2008


Copies mailed this date to:


Leroy Dorsey
Coxsackie Correctional Facility
97-A-3442
PO Box 999
Coxsackie, NY 12051-0999